NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30053 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:20-cr-00058-BMM-2 |
| RICK JOHN MORALES, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted February 10, 2023**
Portland, Oregon

Before: MURGUIA, Chief Judge, and FORREST and SUNG, Circuit Judges.

Rick John Morales, Jr., appeals the district court's denial of his (1) motion in limine to exclude evidence under Federal Rule of Evidence 404(b), and (2) motion to dismiss the indictment for a violation of his Sixth Amendment right to a speedy trial. We have jurisdiction under 28 U.S.C. § 1291. For the reasons below, we

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

affirm.

1.     The district court did not abuse its discretion in denying Morales's motion in limine to exclude "other bad act" evidence under Rule 404(b).[1] *United States v. Ramos-Atondo*, 732 F.3d 1113, 1121 (9th Cir. 2013). Under that rule, evidence of other acts is not admissible to prove character but may be admissible for other purposes, including proving motive and identity. Fed. R. Evid. 404(b). Other-act evidence is admissible under Rule 404(b) if "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994); *see also United States v. Lague*, 971 F.3d 1032, 1038 (9th Cir. 2020).

In this case, the district court permitted the government to introduce evidence of an altercation between Morales, the victim, and a third party that occurred at the victim's home on the day before the charged assault in this case. Morales contends that the district court abused its discretion because, in Morales's view, this evidence of the prior altercation did not tend to prove any material point.

---

[1] The government also contends that the district court properly admitted the other-act evidence because it is inextricably intertwined with the charged crimes. We need not decide that issue because we conclude the evidence was admissible under Rule 404(b).

2

We disagree. We "afford broad discretion to a district court's evidentiary rulings," and that is "particularly true with respect to Rule 403 since it requires an 'on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant.'" *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (quoting 1 S. Childress & M. Davis, *Federal Standards of Review* § 4.02, p. 4–16 (3d ed. 1999)). The evidence of the prior altercation was relevant to proving Morales's motive and involvement in the crime, which Morales disputed. *See, e.g.*, *United States v. Bowman*, 720 F.2d 1103, 1105 (9th Cir. 1983) ("Although the victim in the prior case was not involved here, there was a sufficient factual relationship between the two incidents to render the prior conviction relevant to the issue of [the defendant's] motive for the assault upon [the victim]."). The evidence makes it more probable that Morales participated in the alleged assault because he felt he had been "set up" by the victim. Morales also contends that the evidence of the prior altercation was dissimilar to the charged crime of assault. Even assuming that knowledge and intent are at issue, so that similarity is required, the prior altercation and the charged crime of assault are sufficiently similar because they involved some of the same parties at the same location. *See United States v. Berckmann*, 971 F.3d 999, 1002 (9th Cir. 2020).

Morales alternatively contends that the district court abused its discretion by

3

failing to determine whether the prior-altercation evidence's probative value was "substantially outweighed" by the risk of undue prejudice. Fed. R. Evid. 403. We disagree. Although the district court did not explicitly "recite the Rule 403 test when balancing the probative value of evidence against its potential for unfair prejudice," it did not need to, because we "can conclude, based on a review of the record, that the district court considered Rule 403's requirements." *United States v. Gomez*, 725 F.3d 1121, 1129 (9th Cir. 2013) (internal quotation marks and citation omitted). During the hearing on Morales's motion in limine, counsel for Morales thoroughly argued that the evidence was unduly prejudicial and should be excluded under Rule 403, and the court expressly discussed both the probative value of the evidence, and its potential for undue prejudice.[2]

The district court acted within its broad discretion when it concluded that the evidence's probative value was not "substantially outweighed" by the risk of undue prejudice. Fed. R. Evid. 403. The evidence was highly probative of Morales's motive and state of mind at the time of the charged assault. Additionally, the court mitigated any risk of unfair prejudice by offering to give a limiting instruction to the jury explaining that the evidence could be considered only for proper purposes. *See Berckmann*, 971 F.3d at 1004 (evidence of prior acts of domestic violence was

---

[2] Morales argued only that the evidence was prejudicial and did not raise any of the other Rule 403 factors.

not unfairly prejudicial when court gave limiting instruction on three separate occasions).

2.     The district court did not err in denying Morales's motion to dismiss the indictment for violation of the Speedy Trial Act.[3] The Speedy Trial Act excepts from the seventy-day speedy trial clock "[a]ny period of delay resulting from the . . . unavailability of . . . an essential witness." 18 U.S.C. § 3161(h)(3)(A). A witness is unavailable when "his whereabouts are known but his presence for trial cannot be obtained by due diligence . . . ." 18 U.S.C. § 3161(h)(3)(B). The district court found that Dr. Richardson was an essential witness and that the government acted with due diligence in attempting to procure his presence for trial. We review those factual findings for clear error. *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009).

The district court did not clearly err in finding that Dr. Richardson was an essential witness. Dr. Richardson performed life-saving surgery on the victim after the assault and would testify about the severity of his injuries, which is relevant to proving the element of serious bodily injury. Morales argues that Dr. Richardson was not an essential witness because his testimony would be cumulative to that of another witness, Physician Assistant (PA) Hansen. We disagree. Although both

---

[3] Morales does not argue on appeal that the continuance of the trial violated his constitutional right to speedy trial. *See Barker v. Wingo*, 407 U.S. 514, 536 (1972).

witnesses would testify to the same element (serious bodily injury), Dr. Richardson's testimony was qualitatively different from PA Hansen's because PA Hansen only provided care to the victim during his stay at a rehabilitation clinic. Morales cites no authority that two witnesses' overlapping testimony disqualifies either as an essential witness for purposes of the Speedy Trial Act. *Cf. United States v. Miles*, 290 F.3d 1341, 1350 (11th Cir. 2002) ("A witness may be deemed essential for the purposes of the Act, even though the government could obtain a conviction without his testimony." (collecting cases)).

The district court also did not clearly err in finding that Dr. Richardson was "unavailable" under the Act. The record establishes that the government promptly communicated with Dr. Richardson about his availability to testify, and that Dr. Richardson's staff represented that he was not available until certain weeks in October because of his surgery and on-call schedule.[4] Morales contends that the government failed to exercise due diligence because it accepted the staff's representation about Dr. Richardson's availability without further inquiry, but Morales does not dispute that Dr. Richardson was, in fact, unavailable. The record sufficiently supports the district court's finding that the government exercised due diligence.

---

[4] The government then offered two October trial dates, and Morales rejected the earlier date.

6

Because we conclude that no violation of the Speedy Trial Act occurred, we need not address Morales's contention that the statute required dismissal with prejudice.

**AFFIRMED.**